UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:08-CR-00045-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| DENA KIER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is Defendant Dena Kier's Motion to Amend Sentence (#149[1]). The Government has filed a response (#150).

## I. Facts and Procedural History

On June 9, 2009, following a guilty plea, Defendant was convicted of possessing stolen mail and aiding and abetting, in violation of 18 U.S.C. §§ 1708 and 2 (#64). On November 16, 2009, this court sentenced Defendant to 30 months imprisonment followed by 3 years of supervised release (#122). On November 23, 2009, Defendant filed a notice of appeal (#124). On February 8, 2010, she filed a motion to voluntarily dismiss her appeal, which the Ninth Circuit Court of Appeals granted on February 12, 2010 (#132).

On April 5, 2010, Defendant filed a motion to correct her sentence pursuant to 18 U.S.C.

---

[1] Refers to court's docket entry number.

§ 3553(b)(1) (#134).  On June 9, 2010, the court granted Defendant thirty days to notify the court whether she would (1) withdraw her motion, (2) consent to the recharacterization of the motion as a § 2255 motion, or (3) consent to the recharacterization of the motion as a § 2255 motion and seek to amend it to include other § 2255 claims (#144).  In response, on June 23, 2010, Defendant filed a motion for credit for time served (#146) without consenting to a recharacterization of her motion to correct sentence under § 3553 as a § 2255 motion.

On July 19, 2010, the court denied both motions (#147).  Specifically, Defendant's motion for credit for time served (#146) was denied without prejudice for failure to exhaust administrative remedies; and Defendant's motion to correct sentence under § 3553 (#134) was denied for lack of jurisdiction, or alternatively as untimely, for the reasons stated in the court's prior order (#144).  In a footnote, the court also declined to consider a downward departure under changes to the sentencing guidelines because those changes were not yet in effect.

Noting that the changes to the sentencing guidelines became effective as of November 2010, on November 17, 2010, Defendant filed the present motion requesting the court to amend her sentence under § 3553 (#149).

**II.     Discussion**

To the extent Defendant seeks relief under § 3553, the motion must be denied for lack of jurisdiction or as untimely for the reasons stated in the court's prior orders.

As the Government notes, however, given Defendant's reference to changes to the sentencing guidelines effective November 2010, the motion may be construed as a motion for modification of sentence under 18 U.S.C. § 3582(c)(2).  It provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

*Id.* A district court's ability to modify a sentence under § 3582(c)(2) is limited, however. A district court lacks jurisdiction to consider a reduction unless the defendant satisfies two criteria: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the Sentencing Commission; and (2) the reduction must be consistent with the Commission's applicable policy statements. *United States v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010). The defendant fails to satisfy the second requirement if a reduction is requested under an amendment not designated as having retroactive effect under U.S.S.G. § 1B1.10. *Morales*, 590 F.3d at 1052-53.

Here, none of the November 2010 amendments to the sentencing guidelines are designated as having retroactive effect under U.S.S.G. § 1B1.10. Thus, the reduction requested by Defendant is inconsistent with the Commission's applicable policy statements, and the court lacks jurisdiction to reduce Defendant's sentence under § 3582(c)(2).

IT IS THEREFORE ORDERED that Defendant Dena Kier's Motion to Amend Sentence (#149) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE